| 6 | 497 |
|---|-----|
| 98 | 646 |

| 6 | 497 |
|-----|------|
| 117 | 1525 |

## SPENCER STONE, Plaintiff in Error,

*vs.*

## WILLIAM N. LANNON, Defendant in Error.

ERROR TO THE MILWAUKEE CIRCUIT COURT.

A penal statute must be construed strictly.

A verbal agreement or promise, on the part of a mortgagee, to release the mortgage upon payment of a less sum than the whole amount of the mortgage money actually outstanding and due, cannot be enforced, for want of sufficient consideration.

The statute which prescribes a penalty for refusal on the part of the mortgagee to execute a release of the mortgaged premises, must be construed strictly like other penal statutes, and is dependent upon full performance of the conditions of the mortgage.

An agreement to release the mortgage on the payment of an amount less than that actually due, upon the faith of which a third person has purchased the premises, does not operate as an estoppal against the recovery of the penalty prescribed by the statute.

This was an action on the case upon section 39, chapter 59, of the revised statutes, for the refusal to discharge a mortgage, after due demand and tender.

On the trial it appeared that in the year 1842, one John Dunn mortgaged a piece of land in Waukesha county to the defendant, Lannon, which mortgage was duly recorded. Also that the plaintiff is now the owner of the land, having acquired title from Dunn, through several mesne conveyances, all of which are recorded. Plaintiff also proved a demand made through his agent, George Cogswell, upon defendant, on the 17th day of November, 1854, for a release of said mortgage, or a discharge thereof on the record in the register's office ; at the same time tendering the defendant two dollars and fifty cents for the expenses of the release. But the defendant did not execute the

release. Previous to suit brought, plaintiff had contracted to sell the land, but on account of the mortgage remaining undischarged, one hundred dollars of the purchase money was reserved by the purchaser, and the plaintiff lost the use of it. The demand was made in the day time, on Wisconsin street, in the city of Milwaukee.

*Mr. Upham* was then called, who testified as follows: "I am a lawyer. A dollar is a reasonable fee for drawing and acknowledging the release of a mortgage. The mortgage from Dunn to Lannon was left in our office for collection by Lannon in 1845. The principal and part of the interest, I think, was paid; a small part was unpaid. Dunn had sold the property to Nicholas Cleary, and wanted a discharge. Lannon consented, for Dunn's accommodation, to take the money and execute a discharge—Dunn to pay the balance when he could. Dunn paid the money to me in Lannon's absence, and I paid it to the defendant, who executed a discharge, which I took, Dunn being then absent. This was in 1845. I could not say the debt was discharged. The balance unpaid was part of the amount due on the mortgage. A few days after the money was paid to Lannon I offered the discharge to Dunn, and afterwards to Cleary, who then owned the land. Neither would take it, there being a question which of the two should get it recorded."

The discharge was also produced and read in evidence.

The plaintiff's counsel moved the following instructions to the jury, to-wit:

1. The execution of the release and the tender of it to Dunn or Cleary, do not, in connection with the other circumstances in evidence, make out a defense.

2. That the evidence, (if believed by the jury), shows that the condition of the mortgage was fully performed; or if not, that the defendant is estopped to deny it.

3. That the evidence makes out the plaintiff's case, and shows no defense.

4. That the jury, if they believe the evidence, should find for the plaintiff.

Stone vs. Lannon.

Each of which was refused by the court and exceptions taken.

The judge then charged the jury, that the plaintiff, in order to recover in this action, must show that there had been, at the time of the demand for the execution of the discharge, a full performance of the condition of the mortgage by the mortgagor.

Also, that the undertaking or agreement of Lannon to discharge this mortgage, before the full condition of the mortgage had been performed, as a mere personal favor, unless there was some consideration independent of the amount due or paid on the mortgage, moving Lannon to that agreement, was no agreement or undertaking binding upon Lannon, which would authorize a subsequent owner of the mortgaged land to maintain this suit, unless upon payment or tender of the balance due and unpaid upon said mortgage.

To which instructions of the court the plaintiff also excepted. There was a verdict for the defendant; and judgment, upon which this writ of error was brought.

*Smith and Salomon*, for plaintiff in error.

The judge erred in refusing the second instruction asked for for by the plaintiff; and in the second and last instructions given.

Lannon agreed to discharge the mortgage on receiving something less than the full amount due, in order to allow Dunn to sell the land. He executed, on receiving the money, a sealed acknowledgement of payment, upon the strength of which, unquestionably, the purchaser bought, and under him the subsequent holders. To be sure, the unpaid balance remained an "honorary obligation upon Dunn to pay when he could." So it would without any understanding.

Now, as against the plaintiff, a subsequent purchaser, this mortgage can have no valid existence. The defendant is estopped in good faith, by the proceedings *in pais*, as well as by his sealed acknowledgement and release, to deny the full performance of the condition of the mortgage. That payment and the subsequent acts became and constituted "a full performance of the condition of the mortgage," for all purposes whatever;

and he has no more right to refuse a new release for the mortgage than to demand payment, or institute foreclosure upon it. There is the same legal and equitable estoppel in the one case as in the other.    2 Smith's Lead. Cas. Notes, 511, 585, 537, 561, 562, *et seq.*; 4 Kent, 261 ; *Degell* vs. *Odell*, 3 Hill, 215, 219 ; *Welland Canal Co.* vs. *Hathaway*, 8 Wend., 480, 483.

This statute is beneficial and remedial, and only *quasi* penal, and should be fairly construed.    If the facts are tantamount to a full performance of the conditions of the mortgage, they should be so held, for the purpose of this action, as well as for other purposes.    *Sickles* vs. *Sharp*, 13 J. R., 498 ; Smith's Stat. and Const. Construction, §§ 724, 731, 733, 734 ; *Taylor* vs. *United States*, 3 How., 197, 210 ; 1 Wils. fol., pt. 1, 412 ; Black R., 1226 ; *Palmer* vs. *York Bank*, 18 Maine, 166 ; *Reed* vs. *Northfield*, 13 Pick., 94 ; *Pike* vs. *Jenkins*, 12 N. H. R., 256 ; *People* vs. *Bartow*, 6 Cow., 293 ; Bac. Abr. Statute, 1, 7, 8, 9.

The foregoing cases illustrate the distinction between a purely penal law, defining and punishing an *offense*, and a law which merely gives increased damages to the party injured.    The one is to be strictly construed, yet not narrowly ; the other liberally, sometimes even equitably.

*H. S. Orton* and *John L. Doran*, for defendant in error.

1. The plaintiff in error failed to show a full performance of the condition of the mortgage, but on the contrary, the testimony was that it was not fully paid at the time the plaintiff demanded the release.    The evidence relied on to prove performance is the release executed by the mortgagee in 1845, and which he offered to the mortgagor, and also to the owner of the land at the time.    The plaintiff proved *too much ;* if it proves a performance by the mortgagor, the release also proves a discharge by him, and must defeat the recovery.

The idea that the statute is *remedial* is simply absurd.    It inflicts a *penalty* of $100, for the refusal to discharge a mortgage ; and the present action, brought to recover that penalty, is a striking proof of the *penal* character of the statute.

The latter part of the judge's charge is strictly correct. If the mortgagee was willing to discharge, as against the mortgagor, and had even promised to do so, he would not, for a refusal to discharge under the circumstances of this case, be liable for the penalty. There is no pretence that the mortgage was fully paid; but it appears that, to accommodate the mortgagor, the mortgagee agreed to discharge, and did, in fact, execute a release or discharge for the benefit of the mortgagor, which was not accepted at the time.

· *By the Court,* WHITON, C. J. We are of opinion that the instructions of the judge to the jury were correct. We suppose there can be no doubt that the verbal agreement which Lannon made to execute the discharge of the mortgage would not bind him.

But even if we should regard the agreement as binding upon him, and so capable of being the foundation of an action for damages, we should still be of opinion that this action could not be sustained. The action is brought upon a statute, to recover, what we must consider as a penalty; the statute, therefore, must receive a strict construction.

It gives the penalty only in cases where the mortgagee or his personal representatives refuse to execute the discharge, "after a full performance of the condition of the mortgage." Now it cannot be said that the condition of this mortgage was fully performed, because the testimony shows that a further sum was to be paid by Dunn, the mortgagor.

Lannon agreed to execute the discharge, but there does not appear to have been any consideration for this promise; and as we have above stated, we do not consider it of force even as an agreement. But even if good as an agreement, it does not show that the condition of the mortgage had been fully performed as the statute requires.

The plaintiff in error contends, that as Lannon agreed to execute the discharge, he is now estopped to say that the mortgage

debt was not fully paid. We do not see how this position of the plaintiff in error can be sustained. If the plaintiff had been induced to purchase the land by the agreement of Lannon to discharge the mortgage, and Lannon had afterwards endeavored to enforce the mortgage by a foreclosure, perhaps the doctrine of estoppel would apply. But we see no reason for applying it in a case like the present. We think it unnecessary to notice the circumstance relied upon by the defendant in error, that a release of the mortgage was in fact executed by Lannon, and offered to Dunn and Cleary and refused by them.

The judgment of the court below is affirmed.