PAGE vs. JOHNSTON, Executor, etc.

*Who liable for refusal to discharge mortgage of record.*

An action will not lie (under section 46, chapter 86, R. S.) against the personal representative of the *assignee* of a mortgage for refusing to discharge the mortgage of record or execute a satisfaction piece thereof, after the conditions have been performed.

APPEAL from the Circuit Court for *Milwaukee* County.

*Thomas M. Knox*, for appellant, as to the meaning of the word "assignee," cited Burr. Law Dic. *sub verbo ;* Hobart, 9 ; 2 Shower, 57 ; and argued that in section 46, chap. 86, R. S., it should be understood as denoting not merely the immediate but the remote assignee, since this interpretation alone harmonizes with the context, and will promote the apparent policy of the legislature. Secs. 41, 42, 44, ch. 86, R. S.; *U. S. v. Winn*, 3 Sum. 211; *Chase v. R. R. Co.*, 26 N. Y. 525; *Holmes v. Carley*, 31 id. 289 (290). Even penal statutes are not to be so strictly construed as to defeat the obvious intention of the legislature. *U. S. v. Wiltberger*, 5 Wheat. 76 (79); *The Enterprise*, 1 Paine C. C. 32; 2 id. 587; 1 Gallison, 107 (117); 3 Sum. 211; Smith's Com. 840, 841.

*Butler & Winkler*, for respondent, contended that the language of the statute was unambiguous, and there was no room for legal interpretation. Smith's Com. §§ 478, 482, 496, 497, 545, 546, 738; 6 Wis. 497.

COLE, J. This action is brought against the *executor of an assignee* of a mortgage, to recover the penalty given by section 46,

chapter 86, R. S., for refusing or neglecting to discharge a mortgage which had been paid and all the conditions thereof performed. The circuit court held that the section did not apply to the defendant, and accordingly excluded the plaintiff's evidence, and dismissed the complaint. Was this interpretation of the statute correct? We are inclined to hold that it was.

The language of the provision is: "If any mortgagee, or his personal representative, or his assignee, as the case may be, after a full performance," etc. The statute specifies the mortgagee, or his personal representative, or his assignee, against whom the action may be brought. But it is said that in legal parlance there are assignees in law and assignees in fact; and that the word "assigns," or "assignees," frequently designates and includes executors and administrators, the assignee of an assignee *in perpetuum*, the heir of an assignee, the assignee of an heir, the assignee of an assignee's executor, and a devisee (Burr. Law Dict., tit. "Assigns"); and that the word "assignee" is used in that general, comprehensive sense in this place. But it is quite clear that the legislature used the word "assignee" in this section to denote an assignee in fact, and not an assignee in law. For it will be noticed that the words "personal representative" are used, and obviously they are a needless repetition, if the word "assignee" was intended to include executors and administrators, or an assignee in law as well as an assignee in fact. We therefore think the word "assignee" cannot have the enlarged sense given to it in this statute, for which the counsel for the plaintiff contends. It would be the merest tautology to use the words "personal representative," and then employ a term which would include personal representatives as well as a large number of other persons. In the case of *Stone v. Lannon*, 6 Wis. 497, it was said that an action brought upon this statute was to recover a penalty, and that the statute must receive a strict construction. This rule of strict construction would be violated, as well as the cardinal one that effect must

be given to every word of the statute, if practicable, were we to hold that the word "assignee" in this section included an assignee in law, or the executor of an assignee.

*By the Court.*—The judgment of the circuit court is affirmed. Mr. Justice PAINE did not sit in this case.