# Cooper *versus* Shaver.

The purchaser of a judgment received, together with an assignment thereof indorsed upon the back of an exemplification of the record of said judgment, the following instrument, also indorsed on said exemplification of record:—" For value received I guarantee the collection of the within amount, and I authorize any attorney or prothonotary *to* enter judgment against me for the within amount."

*Held,* 1. The indorsement must be read in connection with the record to which it referred, and the latter being certain as to all the particulars of the judgment, the indorsement was thereby rendered certain.

2. Although the guaranty was a collateral obligation, judgment could be entered thereon without first showing unsuccessful efforts to collect from the principal debtor, though execution might be stayed until such proof were made.

3. The warrant of attorney expressed in the above terms was valid to authorize any attorney at law to confess judgment against the maker in the proper court, for the amount of the guaranteed judgment, and to authorize the prothonotary to enter such judgment.

[Cooper *v.* Shaver.]

November 28th 1882.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Crawford county:* Of July Term 1882, No. 82.

Judgment was entered in favor of Ezra Cooper against Clark Shaver, for $225, by virtue of an instrument of writing endorsed upon a certified abstract from the record of a certain other judgment theretofore obtained by one Orrin Conner against H. Conner.   Said "abstract" or exemplification of record, was upon a printed form, in common use, and therein was stated, inter alia, the court, the term and number of the judgment, the names of the parties, the amount of the judgment ($225), amount of costs, date when entered, and date when due and from which interest began.   Indorsed on this abstract were mesne assignments of the judgment by the plaintiff to one Ames, by Ames to one Markham, and by Markham to said Ezra Cooper.   The assignment to Cooper was dated April 24th 1876, and on the same day the following writing was indorsed on said abstract and signed by Clark Shaver, viz:

"For value received from E. Cooper, I guarantee the collection of the within amount, waiving all exemption laws and without stay of execution, and I authorize any attorney or prothonotary to enter judgment against me for the within amount.

"April 1876.                              CLARK SHAVER."

On December 13th 1877, the prothonotary made the following entry in the D. S. B. docket, to November Term 1877, No. 405.

E. COOPER *v.* CLARK SHAVER.

"By virtue of a power of attorney, J. W. Sproul, Esq. appears for defendant and confesses judgment against him in favor of plaintiff for two hundred and twenty-five dollars, with costs of suit, release of errors, waiving exemption and inquisition.   Debt, $225.   Interest, December 6th 1876.   J. D. 13.   Entered December 13th 1877.   Judgment."

The defendant, Clark Shaver, subsequently obtained a rule to show cause why said judgment against him should not be stricken off, which rule the court, after argument, made absolute, CHURCH, P. J., filing an opinion in which he held that the contract being a collateral one of guaranty, and not an original obligation, and there being no evidence of due diligence against the principal debtor, the judgment was premature; and further, that the words "I authorize any attorney or prothonotary to enter judgment against me for the within amount" were insufficient to constitute a valid warrant of attorney, to confess the judgment.   The court therefore entered an order striking off said judgment at the costs of the plaintiff.   The defendant took this writ of error, assigning for error said order of the court.

[Cooper *v*. Shaver.]

*Wm. R. Bole,* for the plaintiff in error.

*C. W. Tyler,* for the defendant in error.

Mr. Justice Trunkey delivered the opinion of the court, December 30th 1882.

It has not been pretended that title to the judgment set-forth in the abstract is not vested in Cooper. But the conclusion that he has such title is reached only by reading the abstract with the assignment. Standing alone the assignment would be void for uncertainty; being endorsed upon the abstract both are taken to evidence the transfer. Shaver's guaranty is also so endorsed, and the abstract, assignment and guaranty together, as if one instrument, evidence his contract. The judgment is particularly described and so is the court where it is entered; the real debt, date of interest, and plaintiff's costs are stated; then follow the assignment to Cooper, and Shaver's guaranty of the collection. Hypercriticism would fail to exclude understanding that Shaver guaranteed collection of the judgment described in the abstract, and authorized any attorney or prothonotary to enter judgment against him for the amount of that judgment.

For present purpose let it be that Shaver is not bound to pay the money unless it be shown that it could not have been collected from the defendant in the judgment by due diligence. The pending question is not one for stay of execution till Shaver's liability be determined, nor for an issue to try that; but whether the warrant of attorney is void.

The defendant says truly, that the letter of the Act of February 24th 1806, only authorizes the prothonotary to enter judgment where judgment is confessed in the instrument of writing, or where the instrument contains a warrant for an attorney at law or other person to confess judgment. But if the warrant authorizes the prothonotary to enter judgment for the amount named in the instrument, it is within the spirit of the statute, a chief object of which was to enable parties to dispense with service of an attorney. Before the date of the statute it had long been within the power of attorneys to confess judgments and cause them to be entered, as it has been since.

Attorneys are officers of the court, and before admission take a prescribed official oath. In the sections of the Act of 1834 regulating their admission, prescribing penalties for misbehavior in office, and defining their powers and duties, they are styled attorneys; but it is plain that word means attorneys at law. The context definitely fixes the meaning. By law, in certain cases the prothonotary may enter judgments, attorneys may confess

judgments, and the courts are defined having jurisdiction of such judgments. The prothonotary is an officer of the court as well known to be such as the judge.

In the instrument signed by Shaver, the meaning of the words: "I authorize any attorney or prothonotary to enter judgment against me," is determined by the context, keeping in view the laws which define in what courts judgments may be confessed or entered, and what officers may confess or enter them. The word attorney as certainly means an officer of the court as does prothonotary, and the warrant authorizes any attorney of any court of Common Pleas in Pennsylvania to confess judgment, or the prothonotary of any such court to enter judgment, as clearly as if written in so many words. The word confess is not used, but the prothonotary is authorized to enter judgment, which indicates that the attorney shall reach the same end by the proper means in performance of his duty.

The judgment entered April 24th 1882, is reversed, and the judgment confessed by virtue of the warrant of attorney, entered December 13th 1877, is reinstated.