## Vietor et al. *v.* Johnson. Wood & Co.'s Appeal. Knower et al.'s Appeal.

*Judgment note payable to " myself or bearer"—Entry of judgment on— Validity.*

Judgment may be entered by the bearers, through their attorney, upon a judgment note payable to " myself or bearer," and execution issued thereon.

Argued April 11, 1892. Appeals, Nos. 353 and 354, Jan. T., 1892, by William Wood & Company and Knower & Cooley, from decree of C. P. Luzerne Co., dismissing exceptions to report of auditor distributing proceeds of sheriff's sale under sundry executions, one of which was issued on judgment of Vietor & Achelis v. Johnson, Dec. T., 1889, No. 430. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Claim that above plaintiffs should not participate in said distribution.

From the report of the auditor, R. C. Shoemaker, it appeared that William Wood & Company were attaching creditors of Johnson, and that Knower & Cooley were judgment creditors and had issued a fi. fa. subsequent to that issued on the judgment of Vietor & Achelis. The note of Vietor and Achelis on which their judgment was entered was as follows :

" $12,500.

" WILKESBARRE, Pa., November 12th, 1889.

" Four days after date I promise to pay to myself or bearer

twelve thousand five hundred dollars ($12,500) value received, without defalcation with interest, and I do hereby confess judgment for the said sum waiving inquisition and all exemption laws.

"Witness my hand and seal:

R. P. JOHNSON. (SEAL.) "

The following præcipe was attached to the note:

" George Frederic Vietor,. Thomas Achelis, Carl Vietor and John Achelis, partners, trading as Frederic Vietor & Achelis, Bearers, v. R. P. Johnson. In Common Pleas of Luzerne County. No.

" Enter judgment on the above note.

"JOHN T. LENAHAN.

" Atty. for Plffs."

The auditor allowed the judgment of Vietor & Achelis to participate in the distribution. The following exceptions, among others, were filed to the auditor's report : " Third. The auditor erred in not finding as matter of law, that the note on which the judgment of Vietor & Achelis was entered was a void instrument, and did not warrant the entering of judgment and the issuing of execution." [2] " Fourth. The auditor erred in not finding as matter of law that the entry of judgment on the note of Vietor & Achelis, as bearers, was irregular and void." [3] The court overruled the exceptions; but directed an issue to be framed between Vietor & Achelis, as plaintiffs, and the appellants, among others, as defendants, to try the questions whether the note upon which the Vietor & Achelis judgment was entered was given by Johnson to them for a valuable consideration; and whether said note and confession of judgment were given for the purpose of hindering or defrauding the petitioners for the issue. A verdict and judgment were entered in this issue for the plaintiffs, in January, 1892; and, in February, the auditor's report was confirmed absolutely.

*Errors assigned* were, among others, (2, 3) overruling the appellants' third and fourth exceptions to the report of the auditor, quoting them.

*John Marshall Gest, S. J. Strauss, F. C. Sturges* and *John Sparhawk, Jr.*, with him for appellants.

*John T. Lenahan*, not heard, for appellee.

PER CURIAM, April 25, 1892 :

We cannot sustain any of the specifications of error. The principal contention was over the judgment of Vietor & Achelis, which the appellants contended was a void instrument, and did not warrant the entering of judgment and the issuing of execution : See second specification. We cannot say that it was a void instrument. It was a note for $12,500, payable to the maker or bearer, with a confession of judgment for that sum. Upon this note judgment was entered by the firm, Vietor & Achelis, bearers, through their attorney. The consideration of the note was the subject of inquiry, both by the auditor and the court below, aided by the verdict of the jury in a feigned issue. We think it was entitled to participate in the distribution.

The decree is affirmed, and the appeal dismissed at the costs of the appellants.