## Fritz *v.* Horten.

*Judgments—Confessed judgments—Rule to strike off—Warrant of attorney—Assignment—Assignee's rights.*

1. A warrant of attorney for the confession of judgment on a bond is given in aid of the collection of the debt and when unrestricted will be construed to be as broad as the obligation of the bond and to extend to the owner thereof by assignment.

2. On a petition for a rule to open or strike off a confessed judgment, it appeared that defendants had given a bond payable to plaintiff, his attorney, executors, administrators or assigns. The warrant of attorney for the confession of judgment was in the usual form, except that it named no one in whose favor judgment might be confessed. Petitioner contended that the warrant of attorney could not be used to confess judgment after the assignment of the bond by the obligee. The court refused the petition and discharged the rule. *Held,* no error.

Argued Oct. 20, 1913. Appeal, No. 40, Oct. T., 1913, by William M. Craig, terre tenant, from order of C. P.

Allegheny Co., Oct. T., 1912, D. S. B. No. 794, refusing to .open or strike off a judgment in case of R. M. Fritz, now for .use of Ella McK. Fritz, v. Joseph Horten and Gertrude Horten.   Before FELL, C. J., MESTREZAT, POT-- TER, STEWART and MOSCHZISKER, JJ.   Affirmed.

Petition for rule to open or strike off a confessed judg- ment.   Before MACFARLANE, J.
The opinion of the Supreme Court states the facts.
The court refused the petition.   Petitioner appealed.

. *Error assigned* was in refusing the petition.

*Joseph F. Mayhugh,* for appellant.

· *George H. Rankin,* for appellee.

PER CURIAM, January 5, 1914:
This appeal is from an order refusing a rule to open or strike off a judgment entered on a bond by virtue of a warrant of attorney. .The bond was given by the de- fendants to R. M. Fritz, and was made payable to him or to .his. certain attorney, executors, administrators or assigns.   The warrant of attorney authorized and em- powered any attorney to confess judgment against the obligors, with or without declaration, with costs of suit, release of errors, &c., but named no one in whose favor judgment might be confessed.   The bond passed by as- signment to Ella M. Fritz, who was named in the decla- ration filed as use plaintiff and judgment was entered in favor of "R. M. Fritz, now to the use of Ella M. Fritz." The petition for the rule set up no defense on the merits as ground for opening the judgment, and the only reason presented by it for striking off the judgment was that the warrant of attorney contained in the bond could not- be used to confess judgment to the obligee, because he had assigned his interest in the bond and that since it did not contain the word "assigns" it did not inure to

the benefit of the use plaintiff who had become the owner of the bond.

No question was raised in the Common Pleas or here as to the form of the action. But it is contended that the form is a mere fiction in law and that Ella M. Fritz was the real plaintiff. If regarded in that light, she was the owner of a bond made expressly payable to an assignee and which contained a warrant of attorney not limited to a confession of judgment in favor of the obligee, but general in its terms. The warrant was given in aid of the collection of the debt and being unrestricted, the only reasonable implication is that it was meant to be as broad as the obligation of the bond, and extended to the owner thereof by assignment. This construction is not in violation of the rule that in entering judgment on a warrant of attorney the authority given by it must be strictly pursued: Cooper v. Shaver, 101 Pa. 547; Victor v. Johnson, 148 Pa. 583; Champlin v. Smith, 164 Pa. 481.

The order is affirmed.