## Gluck et al., to use, v. Polakoff et al.

*Loewenstein & Winokur*, for plaintiffs; *I. Finkelstein*, for defendants.

KUN, J., September 12, 1932.—Judgment for rent in an amicable action was entered by Isador Gluck and Louis Gluck, to the use of 625 Market Street Realty Company, to the use of Silver King Building and Loan Association, against Harry Polakoff, Benjamin Polakoff and Louis Polakoff, trading as Polakoff Brothers. Defendants have filed a rule to show cause why the judgment should not be stricken from the record.

The only question raised in the petition to strike off is that there is no authority given in the lease to confess judgment for rent in favor of the use-plaintiff,

Silver King Building and Loan Association, because said building and loan association is not the assignee of the lessors, but is the assignee of 625 Market Street Realty Company, which is the assignee of the lessors.

On March 21, 1927, Isador Gluck and Louis Gluck, legal plaintiffs above named, leased to defendants a portion of the premises No. 625 Market Street. The lease in its printed portion provides:

"All rights and liabilities herein given to, or imposed upon either of the parties hereto, shall extend to the heirs, executors, administrators, successors and assigns of such parties, and shall include the assignee of the lessee for the benefit of creditors."

In a typewritten rider attached to the lease, it is provided:

"In case the rent is at any time unpaid when due, lessees hereby agree that thereupon the whole rent for the balance of the term, or any renewal thereof, or any part thereof, at the option of the lessors shall immediately become due and payable, as if by the terms of the lease it were payable in advance, and lessors may immediately proceed to distrain, collect, or bring action for the said whole rent or any part thereof, as if all of it were in arrears, or may enter judgment therefor in an amicable action, and in such amicable action any attorney is hereby authorized to confess judgment against lessees for all arrears of rent and for the balance of the term as herein above stated, treating as if in arrear all other charges or expenses aforesaid which may at any time fall due or become due under this lease, and for interest and costs. The power and powers herein granted may be exercised as well during any extension of the original term of this lease as during the original term itself. The same right to enter judgment in an amicable action shall apply to any assignee or assignees of the lessors, who in such case shall be permitted to institute such amicable action in their own name or in the name of the original lessors."

In Youghiogheny-Pittsburgh Coal Co. v. Carlet, 92 Pa. Superior Ct. 40 (1927), the Superior Court affirmed the judgment of the lower court refusing to strike off a judgment in an amicable action in ejectment. In that case the judgment was entered in favor of the lessor to the use of the assignee of the reversion. The court held that the covenant in the lease whereby it might be terminated ran with the land and that, therefore, judgment might be entered in ejectment in favor of the assignee.

The covenant to pay rent also runs with the land: Johns v. Winters, 251 Pa. 169 (1915). If the right to enter judgment in ejectment runs with the land, it is difficult to see why the right to enter judgment for rent should not run with the land. The right to possession runs with the land; to obtain possession the assignee could bring an ordinary action in ejectment. The covenant to pay rent runs with the land; the assignee could, therefore, bring an ordinary action in assumpsit for rent. The Superior Court has held that a judgment in an amicable action in ejectment may be entered in favor of the assignee of the reversion. Therefore, judgment in an amicable action for rent should also be permitted in favor of the assignee. The right to enter judgment for rent in an amicable action in favor of an assignee is expressly recognized in Stevenson et al. v. Dersam, 275 Pa. 412 (1923). In that case judgment in an amicable action for rent due as well as in ejectment was entered in favor of the lessors and their assignee. The Supreme Court, without discussion, sustained the right to enter judgment for rent in the above form.

In the instant case, however, there is no averment in the record that Silver King Building and Loan Association is the assignee of the reversion as well as the assignee of the lease, and the case must, therefore, be decided upon the facts as averred, namely, that Silver King Building and Loan Association

is merely the assignee of all of lessor's right, title and interest in and to the lease.

In Landberg et al. *v.* Equitable Investment Co. et al., 292 Pa. 476 (1928), the Supreme Court held that a lease could be assigned by the lessor apart from the reversion. The court stated, at page 480:

"A lessor may assign his lease to a third party, and create in the assignee a vested right to collect the rent and enforce the covenants or provisions for the purpose for which the assignment was made as effectually as the lessor could have done had he retained the ownership: Kost *v.* Theis and Delvin, 20 W. N. C. 545, 12 Atl. 262. The assignee may distrain for rent due notwithstanding the fact that title to a part or to all of the premises remains in the lessors. . . . .

"Where the landlord assigns his lease apart from the reversion, the relation of landlord and tenant is established between the assignee and the lessee: Isman *v.* Hanscom, 217 Pa. 133; 35 C. J. 1218, section 49."

In 16 R. C. L. 638, Sec. 122, it is stated:

"When the lessor has actually assigned his lease or his interest under the lease, with no indication as to what was intended to pass, the most reasonable rule is, and most courts have held, that unaccrued rents pass, together with such covenants as are designed for the collection thereof, but all covenants designed for the protection of the reversion, with the reversion itself, remain in the assignor. Although the language used is ambiguous, it is evident that the parties intended the transfer of something, yet it seems definite enough to preclude the theory that they intended to transfer the reversion. The most reasonable and liberal view would, therefore, be that since the reversion is not transferred, rights under covenants intended to protect or be beneficial or incidental to the reversion remain in the transferor, the transferee taking rents subsequently accruing, with all rights under covenants designed for the collection thereof. This is apparently the position taken by most courts."

In 36 C. J. 368, Sec. 1215, the rule is laid down as follows:

"The legal title to rents to accrue passes by the assignment of the lease, and the assignee has the right to institute all proper proceedings for enforcing payment thereon."

It is interesting to note that the statute of 32 Henry VIII, c. 34, which is in force in Pennsylvania: Williams et al., to use, *v.* Notopolos, 259 Pa. 469; applies not only to grantees or assignees of the reversion, but to assignees of lessors as well, and declares that all of these parties shall enjoy the same benefits and remedies which lessors or grantors themselves had or enjoyed for the breach of any condition, covenant, or agreement contained or expressed in leases or grants: Youghiogheny-Pittsburgh Coal Co. *v.* Carlet, supra.

From the above authorities, it is apparent that when a lessor assigns the lease without the reversion the relation of landlord and tenant exists between the assignee and the lessee and there is created in the assignee a vested right to collect rent and to enforce the covenants and provisions of the lease with respect thereto. One of the provisions of the lease which would enable the assignee to enforce the covenant to pay rent would, it seems, be the right to enter judgment for the rent, and the judgment might be sustained on this theory notwithstanding the excellent argument made on behalf of defendants to the contrary.

However, it is not necessary to decide that point in order to sustain the validity of the judgment. The lease in general provides that all its provisions shall extend generally to the assigns of the parties thereto. The specific provision giving the right to enter judgment for rent also runs to "any assignee or assignees of the lessors."

In 5 C. J. 1310, it is said:

"Assigns. A general word ordinarily synonymous with 'assignees.'. . . . 'Assigns' is said to be a term of well known signification, comprehending all those who take either immediately or remotely from or under the assignor, whether by conveyance, devise, descent, or act of law."

Under note eight on page 1310 are collected the authorities to the effect that "[a] Not confined to first assignee.—(1) 'To confine the word "assigns" to those who take by the voluntary act of the assignor would not . . . limit the operation of the covenant to his immediate grantee: because all those who take from the first assignee do so in consequence of the original voluntary act of the assignor.' Baily v. De Crespigny, L. R. 4 Q. B. 180, 187. See Torrence v. Shedd, 156 Ill. 194, 210, 41 N. E. 95, 42 N. E. 171 (holding that 'the word, "assigns," cannot be limited in its signification to assignees of the contract, but includes grantees of the land' which is the subject of the contract). Hence, the term has been held to include: (2) An assignee of an assignee. Page v. Johnston, 23 Wis. 295, 296. (3) A subsequent assignee or grantee. . . . (4) Successive transferees. Ripley v. Seligman, 88 Mich. 177, 189, 50 N. W. 143 [quot Bailey v. Holden, 113 Mich. 402, 404, 71 N. W. 841]. (5) A successor in title to real property. Southworth v. Perring, 71 Kan. 755, 763, 81 P 481, 82 P 785, 114 AmSR 527, 2 LRANS 87; Erichsen v. Tapert, 172 Mich. 457, 462, 138 N. W. 330. (6) 'The term "assigns," comprehends not merely a single person, but a line or succession of persons.' Ogden v. Price, 9 N. J. L. 167, 169. (7) 'Under the word "assigns" shall be included the assignee of an assignee in perpetuum, the heir of an assignee or the assignee of an heir, so the assignee of an assignee's executor and a devisee.' Smith v. Baxter, 62 N. J. Eq. 209, 210, 49 A 1130 [quot Jacob L. D.]. To same effect Bennington Iron Co. v. Rutherford, 18 N. J. L. 158, 164; Cumberland v. Graves, 7 N. Y. 305, 312 [cit Jacob L. D.]; Page v. Johnston, supra."

We follow these authorities and likewise hold that the provision for entering judgment for rent running to "any assignee or assignees of the lessors" runs by assignment to assignees of such assignees. The very words of the lease, therefore, sustain the judgment in favor of the use-plaintiff.

An examination of the typewritten clause of the lease which authorizes the entry of judgment for rent discloses that it does not state in whose favor the judgment may be entered.

In Fritz v. Horten, 243 Pa. 187 (1914), a bond was payable to R. M. Fritz, or to his certain attorney, executors, administrators or assigns. The warrant of attorney authorized and empowered any attorney to confess judgment against the obligors, but named no one in whose favor judgment might be confessed. The bond passed by assignment to Ella M. Fritz, one who was named in the declaration filed as use-plaintiff, and judgment was entered in favor of R. M. Fritz, to the use of Ella M. Fritz. Defendants filed a rule to strike off the judgment on the ground that the warrant of attorney could not be used to confess judgment to the obligee because he had assigned his interest in the bond, and that, since it did not contain the word "assigns," it would not inure to the benefit of the use-plaintiff. The Supreme Court stated, at page 189:

"But it is contended that the form is a mere fiction in law and that Ella M. Fritz was the real plaintiff. If regarded in that light, she was the owner of a bond made expressly payable to an assignee and which contained a warrant of attorney not limited to a confession of judgment in favor of the obligee, but general in its terms. The warrant was given in aid of the collection of the debt, and being unrestricted, the only reasonable implication is that it was meant to be as broad as the obligation of the bond, and extended to the owner thereof by

assignment. This construction is not in violation of the rule that in entering judgment on a warrant of attorney the authority given by it must be strictly pursued: Cooper v. Shaver, 101 Pa. 547; Victor v. Johnson, 148 Pa. 583; Champlin v. Smith, 164 Pa. 481."

The question whether plaintiff may include in its assessment of damages rent in arrears prior to the assignment of the lease to plaintiff cannot be considered by us on this rule to strike off the judgment.

For the reasons given, the rule to strike off the judgment is discharged.