## Pennsylvania Loan Corp. v. Buckingham et al.

*A. Emerson Howell,* for petitioner.
*James Rutherford,* contra.

SWOYER, P. J., April 28, 1936.—This proceeding is upon a rule to show cause why a judgment should not be satisfied upon payment of the amount of interest alleged to be due.

The judgment in question was entered upon a note dated September 23, 1929, in the sum of $225, given by the defendants to the plaintiff. The loan was made, and the note drawn, under the provisions of the Small Loans Act of June 17, 1915, P. L. 1012. Judgment thereon was entered on October 3, 1930, and the only question before us is to determine whether or not interest at the rate of 3½ percent per month, upon the amount for which judgment was entered, for the period subsequent to such entry of judgment can be collected. The plaintiff contends that interest at the rate of 3½ percent per month can be collected from the date of the note to the date of payment; the defendants concede that interest at that rate up to the date of entry of judgment may be collected, but contend that after the entry of judgment the interest rate is limited to six percent per annum. It appears to be agreed, or at any rate it is not disputed, that if the defendants' position is sustained judgment should be satisfied upon payment of $9.66 by the defendants to the plaintiff.

Without reciting the note in its entirety, we find therein two pertinent sections, the first of which is as follows:

"It is understood that the undersigned shall pay this obligation by paying the sum of $225.00 this day lent in six equal monthly installments of $35.00 and one payment of $15.00, together with interest at the rate of 3½ percent

per month, on the unpaid balance of the loan hereby evidenced, until said loan, with interest, is fully paid, together with any costs or attorney's collection fees which may accrue by law or contract under this obligation."

We construe this clause as constituting the contract between parties where repayment is made in the regular course provided therein, that is, by payment of the specified monthly instalments plus interest, together with such costs or attorney's collection fees which may accrue by law or contract under this obligation.

The second paragraph above referred to reads:

"If default shall be made in the payment of said installments, or sums of this note, or any renewal thereof, or if any maker of this note shall abscond, or move from the jurisdiction of the courts of Pennsylvania, or shall assign, secrete or dispose of his or her property, with intent to hinder, delay or defraud any of his or her creditors, then, or in any of said events, the whole principal sum of this note, or such portion thereof as shall then remain unpaid, with interest thereon at the rate of $3\frac{1}{2}\%$ per month up to that time, shall, at the option of the holder of this note, become immediately due and payable without notice, at the discretion of the lender."

This paragraph contemplates a contingency not provided for in the preceding paragraph, viz., default or fraud, and provides that in either case the unpaid portion of the principal debt, with interest thereon at the rate of $3\frac{1}{2}$ percent per month up to that time, the time of default or fraud, shall become due and payable at the option of the lender.

Under these two paragraphs, taken in connection with paragraph 1, not recited, we have a simple contractual relation between the parties.

Paragraph 4 is the warrant of attorney to confess judgment:

"And the makers hereby constitute and appoint the attorney for said lender, or any attorney of any Court of Record of Pennsylvania, or elsewhere, their true and law-

ful attorney in fact, for them and in their name and stead to appear for and to enter judment against them, or any of them, for the above sum, with or without declaration filed, with costs of suit, release of errors, without stay of execution, and with ten percent added for collection fees. . . . ."

This warrant of attorney is the sole authority for the entry of judgment; upon it judgment could have been entered at any time from the day that the note was given, whether or not there existed default or fraud. Entry is, however, subject to the rule that in entering judgment on a warrant of attorney the authority given by it must be strictly construed: Cooper v. Shaver, 101 Pa. 547; Vietor et al. v. Johnson, 148 Pa. 583; Champlin v. Smith, 164 Pa. 481. But, when unrestricted, such power is as broad as the obligation of the contract: Fritz v. Horten, 243 Pa. 187.

In ascertaining the obligation of the contract we must consider the contract as a whole, reconciling any apparent inconsistencies therein where possible in order to give force to the contract in its entirety. Obviously, under the contract the debtors are obligated to pay to the creditor the sum of $225 in specified instalments with interest on unpaid balances at the rate of 3½ percent per month until the entire principal sum, plus costs and attorney's fees which may accrue by law or contract, shall have been fully paid; and, in the case of default or fraud and at the option of the lender, to pay the entire unpaid balance plus interest at the rate of 3½ percent per month until the time of such default or fraud. The warrant of attorney is in aid of the collection of a debt and is unrestricted; its authority is therefore coextensive with that of the contract.

Under this warrant of attorney we believe that judgment could have been entered at any time, either after or before default or fraud. If entered before default or fraud, then it would relate to the second paragraph of the note and carry interest at the rate of 3½ percent

per month until the judgment was paid; if entered after default or fraud, then in our opinion its authority might be limited by the third paragraph of the note and the obligation would bear interest at the rate of 3½ percent per month up until the time of default and at the rate of six percent per annum thereafter. In this opinion we are not supported entirely by the only three cases which we find bearing upon the subject.

Thus, in Carroll v. Coöperative Loan & Investment Co., 6 D. & C. 425, and in United Securities Corp. v. Rentz, 16 D. & C. 580, it was squarely held that the obligation carries interest at the rate of 3½ percent per month until fully paid, irrespective of the entry of judgment; in both cases the debtors were in default at the time of the entry of the judgment. In the case of American Bankers Finance Co. v. Majeski, 17 D. & C. 668, the learned Judge Broomall held that such a note bears interest at the rate of 3½ percent per month only until the time of entry and at the rate of six percent per annum thereafter, and in his opinion he distinguished the case of Carroll v. Coöperative Loan & Investment Co., supra, as being an action brought after the payment of the note for the recovery of the excess of interest paid and the penalty. While recognizing this distinction, we find in the opinion of Judge Wickersham in Carroll v. Coöperative Loan & Investment Co., supra, at page 427, ruling squarely upon the point at issue in the instant case:

"the defendant in this case was authorized by the Act of 1919, from which we have quoted, to make the loan to the plaintiff and to charge interest at the rate of 3½ percent. per month; the plaintiff contracted to make the loan and to pay interest at the rate of 3½ percent. per month until the loan was fully paid. The loan was not fully paid until after judgment was entered upon the contract between the parties and until execution was issued thereupon. The plaintiff's statement fails to disclose any violation of the Act of 1919, upon which his action is based, and, therefore, is not entitled to recover back the interest

paid nor the penalty provided in said act as a punishment for those who violate its provisions."

The ruling is thus, in terms, that the collection of 3½ percent per month interest after the entry of judgment is not a violation of the Act of June 4, 1919, P. L. 375.

It is true that, as said in Commonwealth v. State Loan Corp., 116 Pa. Superior Ct. 365:

"The Act of 1915, as amended, should receive an interpretation favorable to the borrower, and its provisions should not be permitted to be waived by any alleged agreement of an embarrassed debtor."

But it is not contended that the contract in the instant case is in violation of the act. Our interpretation is limited to the contract. If the debtor enters into an improvident contract, which contract is within the statute, then we are powerless to aid him, no matter how greatly we may desire to do so.

In the instant case there is nothing before us to show whether or not the debtors were in default at the time of the entry of the judgment; no affidavit of default was filed at the time of entry, and as far as the record goes judgment was entered under the authority of the warrant of attorney as relating to the second paragraph of the note, wherein it is stipulated that interest at the rate of 3½ percent per month shall be paid upon any unpaid balance until such amount shall have been fully paid. It is pitiable that these debtors must be compelled to pay nearly three times the amount of the original loan, but the remedy for a condition which makes such payment necessary lies with the legislature and not with the courts.

We are therefore reluctantly compelled, for the reasons hereinbefore set forth, to hold that the defendant petitioners under the terms of their contract must pay to the Pennsylvania Loan Corporation, plaintiff, the amount of the unpaid balance of their obligation plus interest thereon at the rate of 3½ percent per month until judgment and costs be fully paid.

*Order*

Now, to wit, April 28, 1936, the petition for an order to compel the Pennsylvania Loan Corporation to satisfy the judgment entered to no. 303, June Term, 1930, upon payment of $9.66 is dismissed and the rule granted thereon discharged at the cost of the petitioners.