## Williams et al., for use of, v. Notopolos, Appellant.

*Landlord and tenant—Leases—Covenant not to alter without lessor's consent—Lessor's refusal—Good faith—Alleged condition—Construction—Forfeiture—Act of 32 Henry VIII, Ch. 34, Rev. Stat. 1—Pleadings—Act of May 14, 1915, P. L. 483, Sec. 2—Practice, C. P.—Judgment on warrant—Framing issue — Evidence — Written instruments—Parol evidence—Fraud, accident and mistake.*

1. Under the Act of 32 Henry VIII, Ch. 34, Rev. Stat. 1, which is in force in Pennsylvania, all the rights and remedies under a lease, which belonged to the lessor, belong to the lessor's grantee.

2. A condition, on breach of which a tenant's interest may be terminated, is to be distinguished from a covenant the breach of which cannot, in the absence of a statutory provision to the contrary affect the tenant's interest but merely gives the landlord a right of action for damages, or, occasionally, a right to an injunction, or a decree for specific performance. Mere words of agreement, not contemplating a termination of the lessee's interest upon his default, create a covenant, and not a condition.

3. Conditions that work forfeitures are not favorites of the law, and nothing less than a clear expression of intention that a provision shall be such, will make it a condition upon which the continuance of an estate granted depends. Where the language of an agreement can be resolved into a covenant the judicial inclination is so to construe it.

4. To justify a refusal to accept on the ground that work or ma-

terial must be satisfactory to the party acquiring it, the objection must be made in good faith and must not be merely capricious.

5. Under the rule that an uncertainty as to the meaning of a clause in a lease, is to be determined in favor of the lessee, the court will not construe a provision in a lease for confession of judgment in ejectment, on the breach of any of the "conditions" of the lease to include covenants and agreements, although covenants, agreements and conditions are placed substantially on the same basis, and a breach of either gives the lessors the right to declare a forfeiture.

6. A lease provided "lessee......agrees that all plans for alterations, improvements and changes in said buildings shall be submitted to and be approved in writing by the said lessors, their duly authorized agents or attorneys, before any work is done or changes made in said buildings," and further provided "on the breach of any of the conditions of this lease" the lessor may obtain possession by means of an amicable action and confession of judgment in ejectment. Thereafter the lessor assigned the reversion and the lessee made improvements without the consent of the owner. There was evidence that the lessor's refusal was capricious and not made in good faith and solely for the purpose of enabling him to gain possession of the demised premises by forfeiture of the unexpired term of the lease. *Held,* (1) under the terms of the lease plaintiff is not entitled to an amicable action and confession of judgment in ejectment by reason of the alleged breach of the agreement that his plans should be submitted to and approved by the lessors, before he began work on the alterations; (2) the question of plaintiff's good faith in his refusal to approve the plans which defendant submitted to him is one of fact which should have been submitted to the jury, and (3) the trial judge erred in directing a verdict for plaintiff.

7. In such case evidence as to a conversation between the lessor and lessee in reference to an insertion in the lease of the clause as to alterations and of an alleged promise made by the lessor in regard to the alterations that would be permitted under such clause, was properly excluded where such conversation took place five days prior to the execution of the lease and there was no allegation that anything had been omitted from the lease by fraud, accident or mistake. Such evidence could not have been admissible even though the conversation had been contemporaneous with the execution of the lease.

8. In such case where the record consisted of a statement of claim, an answer by defendant in the form of a petition to open the judgment and a reply thereto by plaintiff, the pleadings sufficiently complied with the Practice Act of 1915, requiring that in

actions of assumpsit "the pleadings shall consist of the plaintiff's statement of claim, the defendant's affidavit of defense, and where. a set-off or counterclaim is pleaded, the plaintiff's reply thereto," and plaintiff cannot complain in such case that the court erred in proceeding to trial without a formal issue having been framed. The better practice is to formally state the issue and to incorporate the questions to be decided by the jury into the order so that they can be answered specifically.

Argued Sept. 25, 1917. Appeal, No. 165, Oct. T., 1917, by defendant, from judgment of C. P. Cambria Co., Dec. T., 1913, No. 18, E. D., on verdict for plaintiff, in case of Homer D. Williams and John F. Williams, for use of George Panagotacos, now George Panagotacos, v. A. Notopolos. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Rule to open a confessed judgment entered by virtue of warrant in a lease. Before STEPHENS, P. J.

The opinion of the Supreme Court states the facts.

The court opened the judgment.

Verdict for plaintiff and judgment thereon. Defendant appealed.

*Errors assigned* were, rulings on evidence, and in refusing to enter judgment for defendant n. o. v.

*J. Earl Ogle, Jr.,* and *John M. Freeman,* for appellant. —No forfeiture of the lease can be declared for breach merely of a covenant of the lease where the lease only provides for forfeiture in case of breach of the conditions thereof: McClintock et al., Assignees, v. Loveless, 5 Dist. Rep. 417; McKnight v. Kreutz, 51 Pa. 232; Doe v. Jones, 2 C. & K. 743; Paschall v. Passmore, 15 Pa. 295.

*P. N. Shettig,* of *Kittell & Shettig,* with him *L. Verde Rhue,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 7, 1918:

From the record in this case, it appears that on June 17, 1913, the owners of a three-story brick building and lot of ground on Main street, Johnstown, leased the property to the defendant for a term of five years, with the right of renewal for five years more. It was contemplated that the lessee should make alterations and improvements to the building at his own expense, and the lease contained the following provision: "Lessee also agrees that all plans for alterations, improvements and changes to said buildings shall be submitted to, and be approved in writing by the said lessors, their duly authorized agents or attorneys, before any work is done or changes made in said buildings."

The lease also contained a clause authorizing, on the breach of any of its conditions by the lessee, the entry of judgment in ejectment against him, and the issuance of a writ of habere facias. There was also the following clause: "All rights and liabilities given to or imposed upon either or any of the parties hereto shall extend to and be binding upon and inure to the benefit of the heirs, executors, administrators and assigns of such parties."

Notopolos, the defendant, entered into possession, and shortly thereafter, on August 20, 1913, the lessors sold the leased premises to George Panagotacos. The grantee took the property subject to the lease, but it does not appear that it was ever assigned to him.

In August and September, 1913, Notopolos submitted to Panagotacos plans for proposed alterations of the building on the leased premises, but the latter declined to approve them, and, without his approval, the lessee proceeded to make the alterations shown by the plans. Thereupon Panagotacos caused judgment in ejectment to be entered against the lessee, alleging a violation of the condition quoted above, and issued a writ of habere facias, which was executed by the sheriff. Upon petition of the lessee, the court struck off the judgment, and set aside the execution, and the property was restored to his

possession.   On appeal this court reversed the order striking off the judgment, but opened it, and awarded a procedendo, with a stay of proceedings on the execution: Williams v. Notopolos, 247 Pa. 554.

No formal pleadings were filed, and no issue was framed by the court below. The trial resulted in a verdict for plaintiff by direction of the court.

In the first and second assignments of error, complaint is made of the court below for proceeding with the trial of the case, against the objection of counsel for plaintiff, without a formal issue having been framed. The Practice Act of May 14, 1915, P. L. 483, Sec. 2, provides that in actions of assumpsit "the pleadings shall consist of the plaintiff's statement of claim, the defendant's affidavit of defense, and, where a set-off or counterclaim is pleaded, the plaintiff's reply thereto." The record in the present case contains a statement of claim, an answer by defendant in the form of a petition to open the judgment, and a reply thereto by plaintiff. This, in substance, meets the requirements of the act of assembly, although it is undoubtedly better practice, and aids the intelligent determination of the matter, to have the issue formally stated, and to incorporate the questions to be decided by the jury into the order, so that they may be answered specifically by the jury, in accordance with the practice commended in Martin v. Kline, 157 Pa. 473.

The third, fourth and fifth assignments of error, are to the action of the trial judge in sustaining objections to certain questions put by plaintiff's counsel upon cross-examination. These questions were rightfully excluded, as they were not properly cross-examination, and were irrelevant.

In the sixth, seventh, ninth and tenth assignments, it is alleged that the trial judge erred in excluding evidence of a conversation between the lessor and lessee, in reference to the insertion in the lease of the clause as to alterations, and of an alleged promise made by the lessor in regard to the alterations that would be permitted under

such clause.  As this conversation took place on June 12, 1913, and the lease was not executed until June 17th, five days later, the' alleged promise or agreement was not contemporaneous with the execution of the lease, and the evidence was properly excluded.   There was no allegation that anything was left out of the lease by fraud, accident or mistake, and in the absence of such an averment, the terms of a written instrument are not to be varied by setting up a parol agreement, even though it was contemporaneous with the execution of the written document:  General Motors Truck Co. v. Philadelphia Paving Co., 248 Pa. 499;  First Nat'l Bank of Shickshinny v. Tustin, 246 Pa. 151; Crelier v. Mackey, 243 Pa. 363.

The real question in this case, raised by several assignments of error, is whether the plaintiff had the right to enforce forfeiture of the lease for the reason assigned in his statement, and, if so, whether his good faith in so doing is a question for the jury.

The plaintiff, as owner of the reversion, is entitled under the Act of 32 Henry VIII, ch. 34, which is in force in Pennsylvania, to all the rights and remedies under the lease which belonged to his grantors, the original lessors. "After reciting, inter alia, 'that by the common law no stranger to any covenant could take advantage thereof but only such as were parties or privies thereunto,' the statute enacts that grantees or assignees of the reversion, or assignees of lessors, shall enjoy the same benefits and remedies which the lessors or grantors themselves had or enjoyed for the breach of any condition, covenant or agreement contained or expressed in leases or grants": Jackson & Gross on Landlord & Tenant in Pennsylvania, p. 526, Sec. 984.  If the plaintiff is entitled to claim the benefits of the provisions of the lease, then the next question is, whether the agreement, on the part of the lessee, that his plans for alterations to the building shall be submitted to and approved by the lessor, before any work shall be done or changes made in the buildings, amounts

to a condition or is merely a covenant?   Conditions are "qualifications annexed by the lessor, whereby the estate granted may be enlarged, diminished, created or defeated, upon the happening of some contingent event": Jackson & Gross on Landlord & Tenant in Pennsylvania, Sec. 37, p. 33.

"The underlying principle of all conditions subsequent in grants of land is that they prescribe terms upon which the land shall revert to the grantor.   The condition may be that subsequent to receiving the land the grantee must not do some particular thing or it may be that he must do some required thing.   But, in either case, if the grantee fails to perform the condition, his right to the land ceases, and the estate reverts to the grantor as a matter of right; and he may enter or bring ejectment": Sims on Covenants which Run with Land, p. 20.

"A condition, on breach of which the tenant's interest may be terminated, is to be distinguished from a covenant, a breach of which cannot, in the absence of a statutory provision to the contrary, affect the tenant's interest, but merely gives the landlord a right of action for damages, or occasionally, a right to an injunction, or, a decree for specific performance......Mere words of agreement, not contemplating a termination of the lessee's interest upon his default, create a covenant, and not a condition": 2 Tiffany on Landlord & Tenant, Sec. 194 (b), p. 1364.

In Paschall v. Passmore, 15 Pa. 295, cited by appellant, Mr. Justice BELL said (p. 307): "Where the language of an agreement can be resolved into a covenant, the judicial inclination is so to construe it; and hence it has resulted that certain features have ever been held essential to the constitution of a condition.   In the absence of any of these, it is not permitted to work the destructive effect the law otherwise attributes to it.   As proper to frame a condition, certain words are recognized, which, of their own nature and efficacy, without the addition of other words, are sufficient.   Among these, three are

said to be most appropriate to make an estate conditional; namely, proviso, ita quod, and sub conditione."

In the present case, the wording of the clause in question is, "Lessee also agrees," etc., and it contains none of the expressions especially appropriate in framing a condition. It may fairly be regarded as merely a covenant. In the lease, however, covenants, agreements and conditions are placed substantially upon the same basis, and a breach of either gives the lessors the right to declare a forfeiture. But the "additional remedy" of obtaining possession by means of an amicable action and confession of judgment in ejectment, which is the remedy to which plaintiff has resorted, is given only "on the breach of any of the conditions of this lease." It would be possible to so construe this as to include covenants and agreements, but we see no necessity for such construction under the settled rule that any uncertainty as to the meaning of a clause in a lease is to be determined in favor of the lessee.

In McKnight v. Kreutz, 51 Pa. 232, cited by appellant as similar in practice to the case at bar, Mr. Justice STRONG said (p. 237): "Conditions that work forfeitures are not favorites of the law, and nothing less than a clear expression of intention that a provision shall be such, will make it a condition upon which the continuance of an estate granted depends." We hold, therefore, that, under the terms of the lease, plaintiff is not entitled to an amicable action and confession of judgment in ejectment, by reason of the alleged breach of the agreement that his plans should be submitted to and approved by the lessors, before he began work on the alterations.

The question of plaintiff's good faith in his refusal to approve the plans which defendant submitted to him was a question of fact which should have been submitted to the jury. The rule of law, where work or material must be satisfactory to the party acquiring it, is stated in Thayler Bros. v. Greisser Construction Co., 229 Pa. 512, by our Brother MOSCHZISKER as follows (p. 518): "The

question for determination is not as to whether or not the one complaining ought to be satisfied, but solely as to the good faith of the dissatisfaction alleged. 'To justify a refusal to accept......on the ground that it is not satisfactory, the objection should be made in good faith. It must not be merely capricious': Singerly v. Thayer, 108 Pa. 291." Citing also numerous later cases to the same effect.

The same testimony of defendant as to the actions of plaintiff when the plans were submitted to him, and the testimony of the witness, Rose, as well as plaintiff's own testimony as to his reasons for refusing to approve the plans, were sufficient to warrant the jury in finding as a fact that his refusal was capricious and not made in good faith, and was solely for the purpose of enabling him to gain possession of the demised premises by a forfeiture of the unexpired term of the lease. Whether or not there was an actual breach of the lease, depends upon the fact as to plaintiff's good faith in refusing to approve the plans.

The sixteenth and eighteenth assignments of error are sustained, and the judgment is reversed, with a venire facias de novo.