# Williams, Appellant, *v.* Notopolos.

*Practice, C. P.—Striking case from trial list—Venire facias de novo—Effect of new venire.*

1. Where on the trial of an issue to determine the validity of a judgment entered on a lease, a verdict and judgment are rendered for plaintiff, and this judgment is reversed with a venire facias de novo by the Supreme Court on the ground that the plaintiff was not entitled to a judgment and a writ of habere facias possessionem for a broken condition of the lease, the court below cannot, when the case is remanded, strike it off the trial list on motion, and dismiss the proceedings.

2. The award of a venire facias de novo means that the case should be disposed of in the regular and orderly way when reached on the trial list.

Argued Oct. 1, 1918. Appeal, No. 168, Oct. T., 1918, by plaintiff, from order of C. P. Cambria Co., Dec. T., 1913, No. 18, striking proceedings from record in case of Homer D. Williams and John F. Williams for use of George Panagotacos, v. A. Notopolos. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and FOX, JJ. Reversed.

Motion to strike case from trial list and dismiss proceedings. Before STEPHENS, P. J.

See Williams et al. v. Notopolos, 247 Pa. 554, and Same v. Same, 259 Pa. 469.

*Error assigned* was order striking the case from trial list and dismissing proceedings.

*Philip N. Shettig,* with him *L. Verde Rhue* and *Donald E. Dufton,* for appellant.—The defendant having submitted himself to the jurisdiction of the court by appearing and asking to have the judgment opened for a trial upon the merits, such trial having been had, a judgment entered against him and the same reversed with a venire

facias de novo, we contend that it was error on the part of the court below to strike the proceedings from the record: Jeannette Borough v. Rœhme, 9 Pa. Superior Ct. 33; Jeannette Borough v. Rœhme, 197 Pa. 230; McCullough v. Railway Mail Assn., 225 Pa. 118; Miller v. Cockins, 239 Pa. 558.

A venire facias de novo is a means of facilitating the administration of justice, and preventing delay, expense and vexation to plaintiffs, who, through some error committed in the court below, would otherwise be compelled to institute a new action: Livingston v. School Board, 15 Pa. Superior Ct. 358; Ebersoll v. Krug, 5 Binney 51; Sterrett v. Bull, 1 Binney 234.

*J. Earl Ogle, Jr.,* with him *John M. Freeman* and *Watson & Freeman,* for appellee.—The decision of the Supreme Court, that the plaintiff had no right, under the terms of his lease, to confess a judgment in ejectment, necessarily put an end to appellant's case.

As the case turned on a question of law, the court below did not err in disposing of that question upon a rule to show cause: United States v. Hawkins, 10 Peters 131; Livingston v. School Board, 15 Pa. Superior Ct. 358.

OPINION BY MR. CHIEF JUSTICE BROWN, January 4, 1919:

It is not necessary to repeat here the details of this litigation, which appear in Williams et al. for use of Panagotacos v. Notopolos, 247 Pa. 554, and Same v. Same, 259 Pa. 469. It is sufficient for an intelligent consideration of the question raised on this appeal to say that, by our decree in the first case, a judgment in the court below was opened which had been entered in an amicable action of ejectment on a warrant of attorney in a lease for alleged breach of its terms. On the trial of the issue on the opened judgment a verdict was directed for the plaintiff. This was reversed on appeal by the defendant, for the reason that the plaintiff was not entitled to judg-

ment and a writ of habere facias possessionem for a broken condition of the lease: Vide opinion of Mr. Justice POTTER, 259 Pa. 469. In reversing the judgment a venire facias de novo was awarded. This meant that the case should be disposed of in the regular and orderly way by the court below when reached on the trial list; but, instead of such disposition of it, on motion of defendant, it was stricken from the list and the proceeding dismissed at the costs of the plaintiff. While the learned court below understood clearly that we had held the plaintiff was not entitled to judgment in the amicable ejectment, there was neither precedent nor authority for its irregular disposition of the case, and the order appealed from is reversed with a procedendo.