# Youghiogheny-Pittsburgh Coal Company *v.* Carlet, Appellant.

*Leases—Judgments—Confession— Appeal— Assignment— Covenant running with the land.*

A covenant in a lease whereby the lease may be terminated is generally held to run with the land and therefore inures to the benefit of the transferee of the reversion.

A conveyance of the reversion, without an assignment of the lease, brings the transferee into privity with the lessee and enables him to enforce all the covenants in the lease, the benefits of which run with the land.

The usual test for determining whether the covenant under consideration runs with the land seems to be that if the covenant in

the lease will be of benefit either to the landlord or tenant by reason of his relation to the particular land, then it touches or concerns the land so as to run.

Where a lease provided that the term thereof shall continue "so long as the said employe remains in the employment of the Company" the original lessor had the option to terminate the tenancy upon the cessation of the employment. The use plaintiff was entitled, upon a breach of the covenants of the lease, to recover possession in ejectment, and to use for that purpose the remedy stipulated by the covenants of the lease.

Argued November 16, 1927. Appeal No. 895, April T., 1928, by defendant from judgment of C. P. Washington County, August T., 1927, No. 1217, in the case of Youghiogheny-Pittsburgh Coal Company v. Baptist Carlet alias Battista Carlett. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Rule to strike off judgment. Before BROWNSON, P. J.

The Court discharged the rule. Defendant appealed.

*Error assigned* was the order of the Court.

*Adolph L. Zeman,* for appellant.

*Richard G. Miller,* of *Donnan & Miller,* for appellee.

OPINION BY CUNNINGHAM, J., December 14, 1927:

With one exception the questions involved upon this appeal have been decided against the appellant in the opinion filed by this court on November 23, 1927, in the case of Pittsburgh Terminal Coal Corporation v. Robert Potts, appellant, at No. 75 April Term, 1928, and in the opinion this day filed in The Vesta Coal Company v. William Jones, appellant, at No. 488 April Term, 1928. The exception which distinguishes this case from each of the similar ejectment cases heard and decided at this term is that here the lease, made

on July 25, 1916, for a certain dwelling house in Van Voorhis, Washington County, Pennsylvania, known as No. 27, was between appellant, as lessee, and the Youghiogheny-Pittsburgh Coal Company, as lessor. By deed dated October 1, 1918, the Youghiogheny-Pittsburgh Coal Company conveyed to the Valley Camp Coal Company, inter alia, the premises described in the lease, "together with all rights, liberties, privileges, reversions, remainders, rents, issues and profits thereof."

A material covenant on the part of the lessee, who on the date of the lease was in the employ of the grantor and continued his employment with the grantee until May 12, 1927, is that upon the termination of the employment he would deliver up possession of the premises upon five days' notice. The remedy provided for any breach by the lessee is thus expressed: "In case of violation of any of the covenants and agreements hereinbefore made by said employee, the said employee, at the option of said Company, authorizes and empowers any attorney to appear in the Court of Common Pleas of any county and confess a judgment against him in an amicable action of ejectment for the premises above described and authorizes the immediate issuing of a writ of habere facias possessionem with clause of fieri facias for the costs without leave of court." Neither a release of errors nor a waiver of the right of appeal is contained in the lease.

Contending that, as the grantee of the premises, together with "all rights,......reversion, remainders, rents,.......thereof," the Valley Camp Coal Company enjoyed under the Statute of 32 Henry VIII, ch. 34, the same "benefits and remedies" which the grantor had or enjoyed "for the breach of any condition, covenant or agreement contained or expressed" in the lease, the amicable action of ejectment was entered and the judgment therein confessed in favor of the Youghiogheny-Pittsburgh Coal Company for use of

Valley Camp Coal Company. No formal assignment of the lease was made to the use plaintiff at the time or since the conveyance of the premises and there is no reference in the lease to the assigns of the original lessor. The court below dismissed the petition of appellant to strike off the judgment thus entered and the assignment of error supporting this appeal raises the question whether, under the facts appearing upon this record, the present owner may lawfully have a judgment in ejectment confessed to its use. The learned counsel for appellant concedes that by virtue of the conveyance the grantee therein became entitled, as the owner of the reversion, to the benefit of all the covenants in the lease which run with the land, but contends that the provision containing the warrant of attorney under which the judgment was confessed is a "purely personal" covenant between the lessee and the original lessor and therefore does not run with the land. We are not prepared to assent to this proposition. The covenant in the lease is to the effect that upon the termination of appellant's employment he will, upon five days' notice, quit and deliver up possession of the premises in good condition, and the further provision of the lease that "in case of violation of any of the covenants and agreements hereinbefore made by said employe, the said employe, at the option of said company, authorizes and empowers any attorney" to appear and confess a judgment in an amicable action of ejectment is the remedy provided for a violation of this covenant. The question arising therefore is whether the grantee of the reversion is entitled to exercise the rights and remedies under the lease which belonged to its grantor, the original lessor. The general rule as stated in 16 R. C. L., Section 129, p. 643, is that "upon a transfer of the reversion there arises at common law upon the attornment of the tenant, and under the statutes abolishing the necessity for attornment without attornment, a privity of estate between

the transferee and the tenant, which enables the transferee to enforce by action liabilities on the part of the lessee which are said to arise out of privity of estate." The foundation of this right, depending as it does upon both privity of contract and of estate, is the Statute of 32 Henry VIII, ch. 34, which is in force in Pennsylvania (Williams, et al., v. Notopolos, 259 Pa. 469), and under which grantees or assignees of the reversion, or assignees of lessors, enjoy the same benefits and remedies which the lessors or grantors themselves had or enjoyed for the breach of any condition, covenant or agreement contained or expressed in leases or grants. It is well settled that a conveyance of the reversion, without an assignment of the lease, brings the transferee into privity with the lessee and enables him to enforce all the covenants in the lease, the benefits of which run with the land. "Covenants and stipulations may be, and often are, inserted which are wholly foreign to the subject matter of the lease, and while they are binding between the immediate parties thereto are so disconnected with the estate that they do not pass by a transfer of the reversion, but remain as covenants between the original parties:" 16 R. C. L., Sec. 129, p. 644. The usual test for determining whether the covenant under consideration runs with the land seems to be that if the covenant in the lease will be of benefit either to the landlord or tenant by reason of his relation to the particular land then it touches or concerns the land so as to run (16 R. C. L., Sec. 134, p. 647). Under this lease, the term whereof is "so long as the said employe remains in the employment of the company," the original lessor had the option to terminate the tenancy upon the cessation of the employment. A covenant in a lease whereby the lease may be terminated is generally held to run with the land and therefore inures to the benefit of the transferee of the reversion: 16 R. C. L., Sec. 630, p. 1113, and L. R. A. 1915 C, 221.

One of the cases cited and relied upon by counsel

for appellant is our case of Fogerty v. Dix, 75 Pa. Superior Ct. 214, but this case is clearly distinguishable from the case at bar. The lease there contained a provision to the effect that, in the event of certain defaults, an amicable action might be entered and judgment confessed "at the request of lessor" but there was also a provision that "in case the demised premises shall be sold or conveyed by the lessor during the term, or any renewal thereof, the lessor shall have the right to assign this lease, whereupon such assignee shall be substituted to all the rights of lessor hereunder." The lease further provided that the rights, remedies and liabilities of the parties should extend to their assigns only "so far as this lease and the term thereby created is assignable by the terms hereof." The lessor did not convey the premises during the term but did assign the lease to A, who assigned to B, who in turn assigned to C, and C undertook to enforce the stipulation for the confession of the judgment in an amicable action. This court, in an opinion written by LINN, J., holding that the judgment thus entered should have been stricken off, said: "We need not speculate about the various reasons the parties may have had for stipulating that no one should have the power to enter judgment against the lessee who did not own the reversion. Not having provided that the lessor and his assigns generally should have the power, but having provided only that in case of sale the power may be transferred with the effect specified, we conclude that the papers on which judgment was entered show no power in the appellee to enter the judgment, because it nowhere appears that the demised premises were sold and conveyed by the lessor. The invalidity of the judgment therefore appears on the face of the record."

Another case referred to for appellant, Curry v. Bacharach Quality Shops, Inc., 271 Pa. 364, does not support his contention. That was an attempt upon the

part of the owner of the reversion to eject the tenant during the term when no rent was due and no covenant had been broken. The landlord challenged the right of the tenant to appeal and relied upon the clauses in the lease releasing all errors and defects in entering the judgment and waiving all right of appeal from or writ of error to any judgment entered. It was held that these waivers did not create a right in the landlord but were a restriction or an abandonment of a right by the lessee; that the waivers were not a remedy in themselves but merely part of a remedy. In the course of the opinion Mr. Justice KEPHART said: "Here the owners of the property have twice assigned the lease and it is now proposed the waivers and releases shall operate for the last assignee's benefit directly contrary to the terms of the agreement. The judgment in this case is not entered for the use of the present plaintiff but in his own name; though this may not be error, it should have been entered in Stafford's [original lessor] name to plaintiff's use, as he was merely equitable owner of the power to confess judgment." This statement is an approval of the practice adopted in the present case. The question of when the grantee of real estate subject to a lease which has not been assigned by the lessor may invoke the remedy of ejecting the tenant under an ejectment clause was considered by our Supreme Court in Williams, et al., v. Notopolos, appellant, 259 Pa. 469. In that case the lease provided that the lessee should make alterations and improvements to the building at his own expense but all plans were to be approved in writing by the lessors. The lease also contained a clause authorizing, upon a breach of any of its conditions by the lessee, the entry of a judgment in ejectment, and it was further provided that all rights and liabilities given to or imposed upon either party should extend to their assigns. During the tenancy the lessor sold the leased premises but the lease was not formally assigned to the grantee.

Shortly thereafter the lessee submitted plans for proposed alterations to the new owner who declined to approve them. The tenant proceeded to make the alterations shown by the plans and the then owner caused judgment in ejectment to be entered against him, alleging a violation of the above mentioned condition. The judgment was opened and the trial resulted in a directed verdict for plaintiff. Upon appeal our Supreme Court said:

"The real question in this case, raised by several assignments of error, is whether the plaintiff had the right to enforce forfeiture of the lease for the reason assigned in his statement, and, if so, whether his good faith in so doing is a question for the jury.

"The plaintiff, as owner of the reversion, is entitled under the Act of 32 Henry VIII, ch. 34, which is in force in Pennsylvania, to all the rights and remedies under the lease which belonged to his grantors, the original lessors. 'After reciting, inter alia, "that by the common law no stranger to any covenant could take advantage thereof but only such as were parties or privies thereunto," the statute enacts that grantees or assignees of the reversion, or assignees of lessors, shall enjoy the same benefits and remedies which the lessors or grantors themselves had or enjoyed for the breach of any condition, covenant or agreement contained or expressed in leases or grants': Jackson & Gross on Landlord & Tenant in Pennsylvania, p. 526, Sec. 984."

After discussing the distinction between a condition and a covenant and pointing out that the "additional remedy" of obtaining possession by means of an amicable action and confession of judgment in ejectment was given only "on the breach of any of the conditions of this lease," it was held, under the rule that any uncertainty as to the meaning of a clause in a lease is to be determined in favor of the lessee, that

the particular clause relating to the approval of plans should not be construed as a condition but as a covenant. It was further held that the question of the owner's good faith in refusing to approve the plans submitted by the tenant was a question of fact which should have been submitted to the jury. In the present case the lease gives the remedy of ejectment "in case of violation of any of the covenants," and under the statute the grantee of the reversion was entitled to "enjoy the same benefits and remedies" for the breach of any covenant in the lease that the original lessor had or enjoyed. We are of opinion that the learned president judge of the court below committed no error in holding that the use plaintiff was entitled under the facts appearing from this record to recover possession in ejectment and to use for that purpose the remedies stipulated by the covenants of the lease.

The decree of the Court of Common Pleas of Washington County dismissing the petition to strike off the judgment is affirmed.