## Smith et ux. v. Goodhart et ux.

*Robert Lee Jacobs*, for plaintiffs.
*McCrea & McCrea*, for defendants.

SHUGHART, P. J., January 5, 1951.—On October 5, 1950, plaintiffs entered an amicable action of ejectment against defendants by virtue of a warrant of attorney contained in the written lease for the premises described as No. 427 East King Street, Shippensburg, Pa. The lease is dated September 25, 1943, and is signed by plaintiffs as lessors and defendants as lessees. On the same date judgment was confessed against defendants, a writ of habere facias possessionem for the premises was issued, and a money judgment was entered in favor of plaintiffs against defendants in the amount of $240.

In each of these actions J. Brady Smith and Meda F. Smith were named as plaintiffs and Harold L. Goodhart and Mrs. Harold L. Goodhart named as defendants.

On October 13, 1950, a rule was granted on plaintiffs to show cause why the various judgments should not be opened. In the petition for that rule defendants alleged that plaintiffs had no right, title and interest in the property since the property, at the time of the entry of the judgment, was owned by one Alma Cohick.

On November 2, 1950, plaintiffs filed an answer to the petition to open the judgment and likewise a petition for leave to amend the pleadings in all three cases. The petition for leave to amend prayed that Alma F. Cohick be joined as a plaintiff for the reason that she became the owner of the premises in question by virtue of a deed from the Smiths, dated June 1, 1950.

Defendants filed preliminary objections to the petition for leave to amend, on the ground that there was no privity of title or interest between original plaintiffs and Alma F. Cohick, and that at the time of the entry of the actions there existed no right in plaintiffs to enter the judgments because they had sold the premises in question.

By agreement of counsel the argument was had on the petition for leave to amend, and it is this matter which is now before us for disposition.

Pa. R. C. P. 2002 ($a_4$) provides that all actions shall be prosecuted by and in the name of the real party in interest.

Rule 1033 provides in part as follows: "A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading."

As the owner of the real estate in question, it is clear that Alma F. Cohick is the real party in interest and that the Smiths no longer have any interest in the action whatever. This fact is admitted by both of the parties.

It does not appear that the lease in question was ever assigned by the Smiths to Alma F. Cohick and further there is no reference in the lease to the assigns of the original lessor. Neither of these omissions will operate however to deprive the grantee of the right to confess a judgment on the warrant of attorney contained in the lease.

In Youghiogheny-Pgh. C. Co. v. Carlet, 92 Pa. Superior Ct. 40, a lease was entered into between defendant and the original lessor in 1916 and in 1918 the lessor conveyed the premises by deed. There was no formal assignment of the lease and no reference therein to the assigns of the lessor. The court held that the grantee was entitled to recover possession and to use for that purpose the warrant of attorney to confess judgment contained in the lease. Judge Cunningham speaking for the court, at page 43 said:

"The question arising therefore is whether the grantee of the reversion is entitled to exercise the rights and remedies under the lease which belonged to its grantor, the original lessor. The general rule as stated in 16 R. C. L., Section 129, p. 643, is that 'upon a transfer of

the reversion there arises at common law upon the attornment of the tenant, and under the statutes abolishing the necessity for attornment without attornment, a privity of estate between the transferee and the tenant, which enables the transferee to enforce by action liabilities on the part of the lessee which are said to arise out of privity of estate'. The foundation of this right, depending as it does upon both privity of contract and of estate, is the Statute of 32 Henry VIII, ch. 34, which is in force in Pennsylvania (Williams et al., v. Notopolos, 259 Pa. 469), and under which grantees or assignees of the reversion, or assignees of lessors, enjoy the same benefits and remedies which the lessors or grantors themselves had or enjoyed for the breach of any condition, covenant or agreement contained or expressed in leases or grants. It is well settled that a conveyance of the reversion, without an assignment of the lease, brings the transferee into privity with the lessee and enables him to enforce all the covenants in the lease, the benefits of which run with the land . . . The usual test for determining whether the covenant under consideration runs with the land seems to be that if the covenant in the lease will be of benefit either to the landlord or tenant by reason of his relation to the particular land then it touches or concerns the land so as to run (16 R. C. L., Sec. 134, p. 647) . . . A covenant in a lease whereby the lease may be terminated is generally held to run with the land and therefore inures to the benefit of the transferee of the reversion."

In the case of Testa v. Lally et ux., 161 Pa. Superior Ct. 478, 480, the court said:

"Generally, the assignee of a lease may properly exercise the warrant of attorney to confess judgment contained in the lease. This right has been sustained where there was an assignment by operation of law, as when a corporate lessor subsequently merges with an-

other corporation, and the new corporation seeks to enforce the rights of its predecessors. Pittsburgh Terminal Coal Corp. v. Potts, 92 Pa. Superior Ct. 1. Also, it is sustained where the language of the lease sets forth in specific terms the intention of the parties that such rights shall be available to subsequent assignees of the lease. While such language strengthens the conclusion that the assignee is entitled to the right given to the lessor, it is not an indispensable prerequisite thereto. By the provisions of the Statute of 32 Henry VIII, ch. 34, which is in force in Pennsylvania, grantees or assignees of the reversion, or assignees of lessors, shall enjoy the same benefits and remedies which the lessors or grantors themselves had or enjoyed for the breach of any condition, covenant, or agreement contained or expressed in leases or grants. Where a lessor subsequently conveyed the demised premises to a grantee, but failed to assign the lease, this statute conferred upon the grantee the right to claim the benefits of the provisions of the lease. Williams et al. v. Notopolos, 259 Pa. 469, 103 A. 290; Shappell v. Himelstein, 121 Pa. Superior Ct. 418, 183 A. 644. In a case where there was an absence of language in the lease referring to the assigns of the original lessor and of any formal assignment by the lessor to his grantee, this Court held that the grantee was entitled to proceed under the ejectment clause of the lease. Youghiogheny-Pittsburgh Coal Co. v. Carlet, 92 Pa. Superior Ct. 40."

The foregoing statement was cited with approval in Botnick v. Chapkis, 166 Pa. Superior Ct. 74.

It is clear that Alma F. Cohick, the grantee of the premises involved in this proceedings, could properly have confessed judgment against defendants in her own name. Any defense which defendants have to the merits, can be asserted equally against her as could have been asserted against the original lessors. It appears that defendants had knowledge of the identity of

Alma F. Cohick as the owner of the premises since that fact was averred by them in the petition to open judgment which was filed, therefore, no substantial harm to defendants can result by allowing the amendment prayed for.

Under the prior practice where the assignee of a lessor entered an amicable action in ejectment by mistake and forgot to enter it "to the use" which was the proper practice, the record could be amended: In Hewitt v. Democratic Publishing Co., 271 Pa. 546 at 548, the Court said:

"We have repeatedly held that, if a suit is brought either by mistake of law or fact in the name of the party beneficially interested, instead of by the contracting party to the use of the former, the record may be amended, *or treated as amended* in the appellate court, so as to conform to the requirements of the law as to the names of the parties". (Italics supplied.)

This being so, it would appear that the converse of the proposition, that is, permitting an amendment by substituting the real party would likewise be true.

In Aiken v. Mayberry et al., 128 Pa. Superior Ct. 15, a case which likewise arose prior to the adoption of the Pennsylvania Rules of Civil Procedure, a judgment by confession was entitled May V. Aiken, now for the use of Pearle M. Mayberry v. James Mayberry, Pearle M. Mayberry. May V. Aiken was deceased at the time the note was entered. The appellate court approved the action of the lower court which permitted the caption to be amended by substituting the name of the administrator of the estate of May C. Aiken as the legal plaintiff.

That the Pennsylvania Rules of Civil Procedure did not alter the liberality of the courts in granting amendments to the caption appears from the case of Miller et ux. v. Michael Morris, Inc., 361 Pa. 113, in which case the court said, at page 117:

"Under Rule 2002 of the Rules of Civil Procedure, the judgment should have been entered in the name of the real party in interest, the Darling McKeesport Corporation. This rule is mandatory and the lower courts have properly enforced this rule in many instances. Under the circumstances of this case, however, the court below properly permitted the 'amendment to the pleadings to conform with the provisions of this rule'. We will treat it as if it was amended and as if the judgment was so entered."

To refuse the amendment in this case would nullify the provisions of R. C. P. 1033 and be contrary to the provisions of R. C. P. 126, which provides as follows:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

In the case of Brown v. Hoff, 4 Chester 102, the court refused to strike off a judgment by confession entered in the name of the assignor.

In Goodrich-Amram Procedural Rules Service §2003-4, the following statement appears:

"Rule 2002 requires that every action be brought by the real party in interest. If an action is not brought by the real party in interest, a substitution of parties plaintiff in order to bring the real party in interest upon the record should be permitted before the period of the statute of limitations has expired."

The lease is under seal and there is no objection to the grant of the amendment on the ground that the statute of limitations has expired; it appears therefore that the amendment should be allowed.

In amending the record, the record shall not only be amended by substituting the name of Alma F. Cohick for J. Brady Smith and Meda F. Smith, but plaintiff is

further directed to file a new averment of default in which the interests of plaintiff are clearly set forth. See Testa v. Lally, supra.

And now, January 5, 1951, leave to amend by substituting Alma F. Cohick as plaintiff in lieu of J. Brady Smith and Meda F. Smith, and leave to file a new affidavit of default is granted.